UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BISHOP RUBEN DEWAYNE,<br><br>     Plaintiff,<br><br> v.<br><br>UNITED STATES, *et al.*,<br><br>     Defendants. | Civil Action No. 1:22-cv-03013 (JMC) |

**MEMORANDUM OPINION**

Bishop Ruben DeWayne filed a Complaint in this Court on September 28, 2022. ECF 1. He sued the United States, James Dimon, J.P. Morgan Mortgage Acquisition Corp., and MERS, Inc. *Id.* at 1. He also named civil case No. 1:12-cv-11634 (D. Mass) as a Defendant and claimed to be collaterally attacking the outcome of that case. *Id.*

The Court recounts the facts alleged by DeWayne and supplements them, where necessary, with facts from public records.[1] On May 11, 2007, Leitta Brooks executed a $500,000 promissory note payable to First National Bank of Arizona to buy a home. *Id.* ¶ 19. The Complaint does not narrate the entire factual history of the mortgage, but it is undisputed that the mortgage has been at the center of numerous legal cases. Brooks has filed three actions related to the mortgage. *Brooks v. JPMorgan Chase Bank, N.A.*, No. 12-cv-11634 (D. Mass.); *Brooks v JPMorgan Chase Bank, N.A.*, No. 14-cv-13068 (D. Mass.); *Brooks v. JPMorgan Chase Bank, N.A.*, No. 18-cv-12176 (D. Mass.). DeWayne has filed at least eight. *DeWayne v. First Nat'l Bank of Ariz.*, No. 15-cv-14245 (D. Mass.); *DeWayne v. MERS, Inc.*, No. 17-cv-10139 (D. Mass.); *DeWayne v. JPMorgan Mortg.*

---

[1] Courts may take judicial notice of public records at the Motion to Dismiss stage. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

1

*Acquisition Corp.*, No. 18-ap-80041 (Bankr. D.S.C.); *DeWayne v. JPMorgan Mortg. Acquisition Corp.*, No. 18-cv-10931 (D. Mass.); *DeWayne v. JPMorgan Mortg. Acquisition Corp.*, No. 19-cv-03376 (D.S.C.); *DeWayne v. JPMorgan Mortg. Acquisition Corp.*, No. 19-ap-80104 (Bankr. D.S.C.); *DeWayne v. United States*, No. 20-cv-515 (D.D.C.); and *DeWayne v. United States*, No. 22-cv-304 (D.D.C.).

Like so many courts prior, the Court concludes that this case should be dismissed. The claims against the United States are dismissed because the Court lacks subject matter jurisdiction over those claims. *See* Fed. R. Civ. P. 12(b)(1). "It is a bedrock principle of American law that the United States, as sovereign, is immune from suit unless Congress has expressly waived that immunity." *Buaiz v. United States*, 471 F. Supp. 2d 129, 134 (D.D.C. 2007) (citing *Block v. North Dakota*, 461 U.S. 273, 287 (1983)). Against this backdrop of immunity, DeWayne bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). DeWayne has not carried his burden, in that he has not alleged any facts suggesting that the United States' sovereign immunity was waived, abrogated, or otherwise displaced. Therefore, the Court grants the United States' Motion to Dismiss. *See* ECF 25.

The Court notes that JP Morgan Mortgage Acquisition Corp. and Mortgage Electronic Registration Systems, Inc. filed a Motion to Dismiss that was not explicitly joined by James Dimon. *See* ECF 2-1 at 6 (arguing that James Dimon was not properly served). However, because DeWayne alleged that Dimon was "[a]cting on the liability of JP Morgan Mortgage Acquisition Corp.," ECF 1 ¶ 6, the Court finds that James Dimon was sued in his official capacity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *see also Placide Ayissi-Etoh v. Mae*, 49 F. Supp. 2d 9, 14 (D.D.C. 2014) (dismissing claims against corporate executives sued in their official

2

capacities as redundant of the claims against the company itself). The Court therefore dismisses the claims against James Dimon because they are duplicative of the claims against JP Morgan Mortgage Acquisition Corp.

The claims against J.P. Morgan Mortgage Acquisition Corp., and MERS, Inc. are also dismissed. This Court is not the appropriate venue for the DeWayne's lawsuit.[2] As stated by another court in this district that dismissed one of DeWayne's previous lawsuits involving the same mortgage, "venue is improper in this District, as none of the events giving rise to the claim occurred here, nor is the property at issue located in Washington, D.C." *DeWayne v. United States*, 2020 WL 5393858, at *2 (D.D.C. July 28, 2020) (citing 28 U.S.C. § 1391(b)), *aff'd DeWayne v. United States*, 2021 WL 672382 (D.C. Cir. 2021) (per curiam).

Pursuant to 28 U.S.C. § 1406(a), once the Court has found that venue is inappropriate, the Court has discretion to dismiss an action or transfer it to another district if it is in the interest of justice. The Court determines that this case ought to be dismissed. DeWayne has hopped from one court to the next, bringing the same claims with him each time. It is not in the interest of justice to commit the resources of another court to the litigation of claims that have already been decided. The Court therefore grants Defendants' Motion to Dismiss. *See* ECF 2.

Finally, the Court dismisses Dewayne's claim purporting to proceed against civil case No. 1:12-cv-11634 because that civil case is not a proper defendant.

In light of the dismissal of all of DeWayne's claims, the Court also dismisses the litany of motions DeWayne has filed while the Motions to Dismiss were pending as moot.

A final Order will accompany this Memorandum Opinion.

---

[2] Although Defendants stylized their argument as a 12(b)(6) Motion, the Court finds the venue argument to be sufficiently raised for adjudication.

DATE: March 23, 2023

                                                        _____
                                                        Jia M. Cobb
                                                        U.S. District Court Judge